UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROOSEVELT ALLEN (#91242)** | **CIVIL ACTION** |
| **VERSUS** | |
| **BURL CAIN, WARDEN** | **NO. 10-0202-JVP-DLD** |

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 16, 2010.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ROOSEVELT ALLEN (#91242)**                                    CIVIL ACTION

**VERSUS**

**BURL CAIN, WARDEN**                                           NO. 10-0202-JVP-DLD

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The pro se petitioner, Roosevelt Allen, a prisoner confined at the Louisiana State penitentiary ("LSP"), Angola, Louisiana, challenges his continued confinement at LSP because he asserts that state officials in the Parish of East Baton Rouge never issued a valid commitment order or other valid written authority to transfer him from the East Baton Rouge Parish Prison to LSP, citing <u>Miller v. Blalock</u>, 356 F.2d 273 (4th Cir. 1966)(holding that commitment to a mental institution without an inquisition of lunacy or an adjudication of insanity violated the petitioner's constitutional rights because such commitment was without the essential elements of notice and hearing or an opportunity to be heard before a competent tribunal), and Article 892 of the Louisiana Code of Criminal Procedure (providing for documents which must be prepared by a sheriff and state court clerk of court and sent with a prisoner who is sentenced to the Louisiana Department of Public Safety and Corrections).  The petitioner asserts, accordingly, that his commitment to LSP is void and that he is therefore entitled to release.

Under 28 U.S.C. § 2254(b) and (c), a claimant seeking habeas corpus relief in federal court is required first to exhaust his claims by presenting them for review before the courts of the state in which he is confined.  The exhaustion requirement is satisfied only when a petitioner's claims have been properly presented to the state's highest court, either on direct review or on post-conviction attack.  <u>Bufalino v. Reno</u>, 613 F.2d 568, 570 (5th Cir. 1980).  As a general rule, federal habeas corpus relief is available on a habeas petition only when all of the claims in the petition have

been exhausted through the state courts.  Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).  Although § 2241 contains no statutory requirement of exhaustion like that found in § 2254(b), exhaustion of state remedies has been held to be a necessary prelude to its invocation.  Robinson v. Wade, 686 F.2d 298 (5th Cir. 1982); Fain v. Duff, 488 F.2d 218 (5th Cir. 1973), cert. denied, 421 U.S. 999, 95 S.Ct. 2396, 44 L.Ed.2d 666 (1975).

A district court may notice on its own motion a petitioner's failure to exhaust state court remedies.  McGee v. Estelle, 722 F.2d 1206 (5th Cir. 1984)(en banc).  Without reaching the merits of the petitioner's claims, it is clear from a review of his application that he has not exhausted state court remedies as mandated by federal statute.  Specifically, he acknowledges on page 12 of his application that he only learned of his alleged illegal custody "just weeks ago", and he asserts on page 8 thereof that "exhausting any known remedies with respondents is un-feasable on void commitment".  It therefore appears clear, on the face of the petitioner's application, that his claim for relief must be denied and his petition dismissed, without prejudice to later application upon exhaustion of state court remedies.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the petitioner's application for a writ of habeas corpus be dismissed, without prejudice to later application upon exhaustion of state court post-conviction remedies.

Signed in Baton Rouge, Louisiana, on June 16, 2010.

**MAGISTRATE JUDGE DOCIA L. DALBY**